**FILED**
Oct 9 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY     s/ TrishaF     DEPUTY

Todd White
4512 Alabama St, #A-1
San Diego, CA 92116
Telephone | Fax: (619) 354-8752
toddcwhite619@gmail.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WHITE, and individual,<br><br>Plaintiff,<br><br>v.<br><br>NAVY FEDERAL CREDIT UNION, and DOES 1-10,<br><br>Defendants. | Case No.: **'18CV2323 BTM KSC**<br><br>**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND DECLARATORY RELIEF FOR:**<br><br>(1) NEGLIGENCE;<br>(2) UNFAIR COMPETITION IN VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE §17200;<br><br>**DEMAND FOR JURY TRIAL** |

## I.   PRELIMINARY STATEMENT

1. Plaintiff Todd White complains as follows, inaccurate credit reports can directly impair the efficiency of the banking systems, which then can undermine the public confidence in the banking systems where the continued functioning of those systems depends upon fair and accurate credit reporting they are essential to. In recognition of the societal demand that consumer reporting agencies exercise these grave responsibilities with fairness, impartiality, and respect for the consumer's right to privacy, the State of California imposed significant restrictions on the business practices of most consumer reporting agencies, through the enactment of laws such as the

Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), requiring consumer reporting agencies, such as defendant, who regularly engages in the practice of assembling consumer credit information, to provide consumers with an adequate procedure in which to dispute the accuracy of information reported on their consumer credit reports. Rather, defendant Navy Federal Credit Union maintains a policy, practice, and procedure, where Plaintiff, and potentially all of the defendant's customers are denied the right to submit accuracy of information disputes because of the "glitch" caused in defendant's information technology systems, even though defendant admits that this feature is available online. where consumers such as Plaintiff that seek the consumer report dispute procedures specified by the Fair Credit Reporting Act ("FCRA") instead are referred to other credit reporting agencies such as TransUnion, Equifax, or Experian to handle the disputes, even though defendant admits through the administration of an unlawful dispute reporting process that in fact it is required to comply with the Fair Debt Collection Practices Act ("FDCPA") because defendant maintains business practices which adopts the federal definitions of the term **debt collection** in which exempts **"original creditors"** collecting their own debts that unfairly commandeers the greater protections of California law in which protects consumers against the time-barred claims of <u>**any**</u> creditor in the state which includes derivative credit reporting "actions to collect debts." See e.g., California Civil Code §1788, et. seq. (Rosenthal Fair Debt Collection Practices Act); *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407, L.Ed.2d (2017); *Murphy v. National Collegiate Athletic Assn.* 584 US ___ (2018) (federal commandeering); 15 U.S.C. §1692n (relationship of FDCPA with state laws).

## II. <u>JURISDICTION AND VENUE</u>

2. The Court has subject matter jurisdiction over this action pursuant to the Supremacy Clause of the United States Constitution, Article VI, Section 2, under 29 U.S.C. §1332 (diversity of citizenship) because defendant's principal place of business Virginia outside of plaintiff's home state in California.

3. Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(3), because Navy Federal Credit is subject to the court's personal jurisdiction through defendant's maintenance of "minimum contacts" (e.g. bank branches) in San Diego, California, and proper under §1391(b)(2) because "substantial parts of the events giving rise to the claims" occurred within this judicial district.

### III. PARTY DESIGNATIONS

4. Defendant Navy Federal is a credit union doing business in the state of California that maintains headquarters at 820 Follin Lane, Navy Federal Credit Union Headquarters Building, Vienna, VA, 22119-3000, according to Google search engines.

5. The true names and capacities of Defendant DOES 1-10 are presently unknown to Plaintiff, and he will seek leave to amend this Verified Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitious Defendants' have participated in the acts alleged in this Verified Complaint.

### IV. FACTUAL ALLEGATIONS

6. Plaintiff White filed for bankruptcy protection under Chapter 7 of the United States Bankruptcy Code on September 17, 2017, that was dismissed. But instead of complying with the automatic stay granted to Mr. White as a matter of right, defendant Navy Federal Credit Union among other ways had "reported disputed delinquent amounts" to third-parties, including the national credit reporting agencies, an investigation of Plaintiff's credit report has revealed that the defendant, even "after receiving a notice from an obligor" regarding the correction of disputed billing errors, Navy Federal Credit Union in fact has adversely "reported on the obligor's credit rating or credit standing because of the obligor's failure to pay" in violation of 15 U.S.C. §1666(a). FCRA provides "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such a dispute, the agency shall [within 30 days], free of charge, conduct a reasonable

3
**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND DECLARATORY RELIEF**

investigation to determine whether the disputed information is inaccurate." 15 U.S.C. §1681i(a)(1)(A). plaintiff's damages having taken a prohibited "action to collect debt in violation of the Fair Debt Collection Practices Act. Such as the reporting of disputed debts to credit bureaus that cannot be validated in which includes: Subjected to the individual creditors harassment using the U.S. mail system contained in sealed envelopes that contain false and misleading representations such as unwarranted communications in connection with collection of debts which cannot be validated pursuant to the Fair Debt Collection Practices Act the major national credit bureaus (e.g. TransUnion, Experian, Equifax), true and correct copies of proof of Navy Federal reporting credit information past the applicable statutes of limitations to Experian and Equifax credit bureaus are attached to this Complaint as **Exhibit 1 and 2**, respectively.

## FIRST COUNT

## NEGLIGENCE

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

7. Plaintiffs are informed and believe and, based thereon, allege that each Defendant's breach of their respective duties of care was a substantial factor, as set forth above, in causing the Plaintiffs' harm.

8. Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of:

(A) Any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or

(B) In the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is greater;

(2) Such amount of punitive damages as the court may allow; and

4

**VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND DECLARATORY RELIEF**

(3) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

(b) Any person who obtains a consumer report from a consumer reporting agency under false pretenses or knowingly without a permissible purpose shall be liable to the consumer reporting agency for actual damages sustained by the consumer reporting agency or $1,000, whichever is greater.

9. Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of

(1) Any actual damages sustained by the consumer as a result of the failure, and;

(2) In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

10. In connection with the collection of a debt, Defendants, directly or indirectly, have used false, deceptive, or misleading representations or means, in violation of Section 807 of the FDCPA, 15 U.S.C. § 1692e, including, but not limited to, the following:

    a. In numerous instances, Defendants, directly or indirectly, have used false representations concerning the character, amount, or legal status of a debt, in violation of Section 807(2)(A) of the FDCPA, 15 U.S.C. § 1692e(2)(A); or

    b. In numerous instances, Defendants, directly or indirectly, have failed to communicate to the CRA to which it reported a debt that the debt is disputed, in violation of Section 807(8) of the FDCPA, 15 U.S.C. § 1692e(8).

11. The acts and practices alleged in Paragraph 37 constitute violations of Section 807 of the FDCPA, 15 U.S.C. § 1692e. Pursuant to Section 814(a) of the FDCPA, 15 U.S.C. § 1692l(a), the acts and practices alleged in Paragraph 37 also

constitute unfair or deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). See 15 U.S.C. §1681(n) (Fair Credit Reporting Act).

## SECOND COUNT

## UNLAWFUL BUSINESS PRACTICES

### California Business & Professions Code §17200, et seq.

### (Against Each Defendant)

The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference.

12. Plaintiff upon information and belief alleges that defendant has committed unlawful business practices, as defined by California Business and Professions Code §17200, et. seq., by engaging in the unlawful, unfair, and fraudulent business practices alleged herein including violating the aforementioned statutes and common law as set forth in this Complaint. Further, these violations resulted in offending established public policy and were immoral, unethical, oppressive, unscrupulous or substantially injured Plaintiff.

13. As a result of defendant's wrongful conduct, Plaintiff has suffered various damages and injuries according to proof at trial.

14. Plaintiff seeks injunctive relief enjoining Defendant from engaging in the unlawful business practices described herein.

15. Plaintiff further seeks restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

16. As a result of the acts of Defendants, and each of them, Plaintiff have been damaged in that they have suffered losses of money, and paid for higher loan costs and interest than is just, proper and legal.

17. Plaintiff are entitled to an award of damages and disgorgement of profits in an amount to be proven at the time of trial.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment as follows:

1. For general damages.
2. For compensatory damages.
3. For punitive damages according to proof.
4. For restitution and disgorgement according to proof.
5. For attorneys' fees and costs.
6. For injunctive relief pursuant to Code Civ. Proc. §527, enjoining defendant from violation of 15 U.S.C. §§1681 and 1692.
7. For all such relief as the Court deems just or proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial on all issues triable to a jury.

Date: September 24, 2018           By: _____
                                         TODD WHITE
                                         Plaintiff

VERIFIED COMPLAINT FOR DAMAGES, RESTITUTION, AND DECLARATORY RELIEF

## **VERIFICATION**

I, TODD WHITE, have read the foregoing Complaint for Damages, Restitution, Injunctive Relief, and attachments of Exhibit 1 and 2, declare under penalty of perjury under the laws of the United States of America, the foregoing is true and correct, this Verification was executed on September 24, 2018 in San Diego, California.

_____
TODD WHITE